

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

NORFOLK AND PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

v.

SOUTH NORFOLK JORDAN BRIDGE, LLC,
f/k/a FIGG BRIDGE DEVELOPERS, LLC,

    SERVE:    Corporation Service Company
                Bank of America Center, 16th Floor
                1111 East Main Street
                Richmond, Virginia 23219

        Defendant.

Civil Action No. _2: 13CV 234_

FILED

APR 2 4 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## COMPLAINT

Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, for its

Complaint against South Norfolk Jordan Bridge, LLC, formerly known as Figg Bridge

Developers, LLC ("South Norfolk"), states as follows:

### Jurisdiction

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as

diversity of citizenship exists and the amount in controversy exceeds $75,000.00.

### Venue

2.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events

giving rise to this action occurred in Chesapeake, Virginia.

## The Parties

3.     The Belt Line is a railroad corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Chesapeake, Virginia.

4.     South Norfolk is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Tallahassee, Florida.  South Norfolk was formerly known as Figg Bridge Developers, LLC.

## Nature of the Case

5.     This is a breach of contract case for indemnity arising out of the collapse of a portion of the new Jordan Bridge in Chesapeake, Virginia ("Jordan Bridge") onto the Belt Line's tracks and property on June 21, 2012.  South Norfolk agreed to indemnify the Belt Line for all damages arising out of such an event in a deed of easement for the air space over the tracks.

## Background

### *Agreement Between the Belt Line and South Norfolk*

6.     By Deed of Easement dated September 4, 2009, the Belt Line conveyed to South Norfolk an aerial easement over portions of the Belt Line's property in the City of Chesapeake to allow South Norfolk to construct and operate a new bridge in place of the old Jordan Bridge.

7.     The Deed of Easement was later corrected, then amended to reflect a name change from Figg Bridge Developers, LLC to South Norfolk Jordan Bridge, LLC.  Copies of the Corrected Deed of Easement and the First Amendment to the Corrected Deed of Easement are attached as **Exhibits A** and **B** respectively.

8.     Paragraph 5 of the Corrected Deed of Easement requires, among other things, that South Norfolk indemnify, defend and hold the Belt Line harmless from and against all damages arising out of construction of the new Jordan Bridge.  In pertinent part, Paragraph 5 states:

INDEMNITY. To the full extent allowed under law, Grantee [South Norfolk], its successors and assigns hereby agree to indemnify, defend and hold Grantor [Belt Line] harmless from and against all liability, losses, damages, claims, actions, causes of action, costs and expenses, including attorneys' fees, for all injury to persons and/or property (including death), arising out of or resulting from, directly or indirectly, in whole or in part, the Overhead Bridge, including any construction, operation, maintenance, repair, use or removal thereof, and/or the presence of Grantee, its agents, servants, invitees, licensees, employees or any other persons on or about the Overhead Bridge, Easement Area or property of Grantor.

9.      Paragraph 4 of the Special Provisions of the Corrected Deed of Easement also prohibits South Norfolk from interfering with railroad operations during construction of the bridge. In pertinent part, Paragraph 4 states that South Norfolk's "[c]ontractor shall so arrange and conduct the work so that there will be no interference with Railroad operations, including train, signal, telephonic and telegraphic services, or damage to Railroad Property or to poles, wires and other facilities of tenants on Railroad Property."

### The Jordan Bridge Collapse

10.     At approximately 4:00 p.m. on June 21, 2012, through no fault of the Belt Line, a section of the new Jordan Bridge approximately 52 feet long and 10 feet wide collapsed and fell onto the Belt Line's tracks and property while the bridge was being constructed.

11.     The debris from the collapse substantially damaged and completely blocked the tracks, preventing the Belt Line from conducting operations on its main rail line along the Southern Branch of the Elizabeth River. The damage extended to the Belt Line's switch, scanner, track bed, crossing (including gates, flashers and wiring) and other property.

### Notice to South Norfolk

12.     By letter dated June 22, 2012, the Belt Line notified South Norfolk of the Belt Line's intent to enforce the indemnity obligations in the Corrected Deed of Easement as a result of the bridge collapse. A copy of the June 22, 2012 letter is attached as **Exhibit C**.

3

13.     Given the size of the bridge section that collapsed, South Norfolk was unable at that time to state how long the debris would remain on the tracks.

14.     After discussions with South Norfolk about the best means to mitigate ongoing business interruption and lost revenue, by a second letter dated June 22, 2012, the Belt Line notified South Norfolk that the Belt Line would arrange construction of a temporary connecting track to allow trains to travel around the damaged area.  A copy of the second June 22, 2012 letter is attached as **Exhibit D**.  The letter stated a "rough estimate" of damages at $500,000.00.

15.     Construction of the temporary connecting track began on June 23, 2012.  The Belt Line was not able to resume service over the connecting track until June 29, 2012.  It was not able to repair the original tracks and resume regular service until South Norfolk ultimately removed the fallen bridge section by exploding it and discarding the debris.

16.     The Belt Line regularly communicated with South Norfolk throughout the process of constructing the connecting track and repairing the damage.  At no time did South Norfolk object to any of the costs incurred by the Belt Line.

### *Demand for Payment*

17.     The Belt Line demanded payment of South Norfolk and sent multiple invoices with supporting documents reflecting the damages incurred by the Belt Line as a result of the bridge collapse.  The first such invoice was sent in August 2012, more than eight months ago.

18.     The total amount owing to the Belt Line from South Norfolk as of this date is $528,565.74, plus interest from June 21, 2012 forward and ongoing costs and attorneys' fees.

19.     Despite demand, South Norfolk has failed to make any payment to the Belt Line for the damages described herein.

20.     All of the damages described herein were incurred by the Belt Line as a result of the collapse of the bridge section described above.

## COUNT I
### Breach of Contract

21.     The Belt Line incorporates the allegations of Paragraphs 1-20 as if set forth herein.

22.     The Corrected Deed of Easement is a binding and enforceable contract between the Belt Line and South Norfolk.

23.     Under the Corrected Deed of Easement, South Norfolk agreed to indemnify and hold the Belt Line harmless from and against all damages arising out of the collapse of the bridge section described herein and to refrain from interfering with railroad operations.

24.     South Norfolk has materially breached the Corrected Deed of Easement by failing to indemnify the Belt Line for the damages described herein and interfering with railroad operations during the period in which the Belt Line was unable to operate over its tracks.

25.     The Belt Line has been damaged as a result of South Norfolk's breach of contract in the amount of $528,565.74 as of the date of this Complaint, plus interest from June 21, 2012 forward and ongoing costs and attorneys' fees.

## COUNT II
### Violation of Virginia Code § 56-5

26.     The Belt Line incorporates the allegations of Paragraphs 1-25 as if set forth herein.

27.     Virginia Code § 56-5 provides, in pertinent part: "Any person who shall wilfully destroy, injure, or obstruct any of the works or property of a public service corporation shall be liable to such corporation for three times the amount of the actual damage thereby sustained."

28.     The Belt Line is a Virginia public service corporation.

29. The collapse of the bridge section described herein constitutes a trespass on the Belt Line's property that destroyed, injured and obstructed the property.

30. In Virginia, "Every trespass [is] *prima facia* wilful, and where a trespass is conceded, as in the instant case, the burden of proof is on defendants to show that the trespass is not wilful." *Bostic v. Whited*, 198 Va. 237, 239, 93 S.E.2d 334, 335-36 (1956). Willful conduct is synonymous with gross negligence in the context of a trespass. *See Wood v. Weaver*, 121 Va. 250, 261, 92 S.E. 1001, 1004 (1917).

31. The acts of South Norfolk and its agents and contractors in allowing a 52-foot section of bridge to fall onto the Belt Line's active railroad tracks constitute willful conduct and/or gross negligence as a matter of Virginia law.

32. The Belt Line is entitled to treble damages under Virginia Code § 56-5 as a result of the acts of South Norfolk and its agents and contractors, or a total of $1,585,697.22.

## Prayer for Relief

WHEREFORE, Norfolk and Portsmouth Belt Line Railroad Company prays that this Court award judgment in the Belt Line's favor against South Norfolk Jordan Bridge, LLC, formerly known as Figg Bridge Developers, LLC, in the amount of $528,565.74, trebled to $1,585,697.22 under Virginia Code § 56-5, plus pre-judgment and post-judgment interest from June 21, 2012 forward and all costs, attorneys' fees and other just and proper relief.

NORFOLK AND PORTSMOUTH BELT LINE
RAILROAD COMPANY

By:_____
Of Counsel

6

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Amy Taipalus McClure, VSB No. 77937
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735
  *Counsel for Norfolk and Portsmouth Belt Line Railroad Company*