IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 2:13cv234 |
| SOUTH NORFOLK JORDAN BRIDGE, LLC, f/k/a FIGG BRIDGE DEVELOPERS, LLC, | : : : | |
| Defendant. | : : | |

**DEFENDANT SOUTH NORFOLK JORDAN BRIDGE, LLC f/k/a
FIGG BRIDGE DEVELOPERS, LLC'S ANSWER TO COMPLAINT**

Defendant South Norfolk Jordan Bridge, LLC ("South Norfolk"), by counsel, Carr Maloney P.C., submits its Answer and Affirmative Defenses to Plaintiff Norfolk and Portsmouth Belt Line Railroad Company's ("Belt Line") Complaint, and states as follows:

**Jurisdiction**

1.  The allegations in paragraph 1 of the Complaint consist of a legal conclusion to which no response is required. To the extent that a response is required, South Norfolk admits the allegations in paragraph 1.

**Venue**

2.  The allegations in paragraph 2 of the Complaint consist of legal conclusion to which no response is required. To the extent that a response is required, South Norfolk admits the allegations in paragraph 2.

### The Parties

3. South Norfolk lacks sufficient information or knowledge to admit or deny the allegations in paragraph 3 of the Complaint. To the extent that a response is required, South Norfolk denies the allegations in paragraph 3.

4. Admitted.

### Nature of the Case

5. The allegations in paragraph 5 of the Complaint consist of Belt Line's characterizations of this case and statements of Belt Line's litigation positions and conclusions; therefore, no response is required. To the extent that a response is required, South Norfolk denies the allegations in paragraph 5.

### Background

*Agreement Between the Belt Line and South Norfolk*

6. Admitted.

7. The allegations in paragraph 7 of the Complaint refer to and characterize documents that are appended to the Complaint as Exhibits A and B. South Norfolk refers the Court to those documents for their contents. To the extent that the allegations in paragraph 7 are inconsistent with Exhibits A and B, South Norfolk denies the allegations in paragraph 7.

8. The allegations in paragraph 8 of the Complaint refer to and characterize a paragraph in a document that is appended to the Complaint. South Norfolk refers the Court to that document for its contents. To the extent that the allegations in paragraph 8 are inconsistent with that document, South Norfolk denies the allegations in paragraph 8. The allegations in paragraph 8 also call for a legal conclusion to which no response is required; therefore, to the extent that a response is required, South Norfolk denies the allegations in paragraph 8.

9. The allegations in paragraph 9 of the Complaint purportedly refer to and characterize a provision of a document that is appended to the Complaint. To the extent that the allegations in paragraph 9 are inconsistent with that document, South Norfolk denies the allegations in paragraph 9. The allegations in paragraph 9 also call for a legal conclusion to which no response is required; therefore, to the extent that a response is required, South Norfolk denies the allegations in paragraph 9.

### *The Jordan Bridge Collapse*

10. South Norfolk admits only that a section of the new Jordan Bridge collapsed and fell onto the Belt Line's train tracks. South Norfolk lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 10 of the Complaint. To the extent that a response is required, South Norfolk denies the remaining allegations in paragraph 10.

11. South Norfolk lacks sufficient information or knowledge to admit or deny the allegations in paragraph 11 of the Complaint. To the extent that a response is required, South Norfolk denies the allegations in paragraph 11.

### *Notice to South Norfolk*

12. The allegations in paragraph 12 of the Complaint refer to and characterize a letter that is appended to the Complaint as Exhibit C. South Norfolk refers the Court to that document for its content. To the extent that the allegations in paragraph 12 are inconsistent with Exhibit C, South Norfolk denies the allegations in paragraph 12. South Norfolk further denies the allegations as phrased, as the letter is addressed to Figg Bridge Developers, L.L.C., and not to South Norfolk as alleged.

13. South Jordan admits only that it could not provide an exact timetable. South Jordan denies the remaining allegations in paragraph 13 of the Complaint as phrased.

14. The allegations in paragraph 14 of the Complaint refer to and characterize a letter that is appended to the Complaint as Exhibit D. South Norfolk refers the Court to that document for its contents. To the extent that the allegations in paragraph 14 are inconsistent with Exhibit D, South Norfolk denies the allegations in paragraph 14. South Norfolk further denies the allegations as phrased, as the letter is addressed to Figg Bridge Developers, L.L.C., and not to South Norfolk as alleged. Additionally, to the extent that the allegations in paragraph 14 do not refer to Exhibit D, South Norfolk is without knowledge and information to admit or deny the allegations; therefore, to the extent that a response is required, South Norfolk denies the same.

15. South Norfolk lacks sufficient information or knowledge to admit or deny the allegations in paragraph 15 of the Complaint. To the extent that a response is required, South Norfolk denies the allegations in paragraph 15.

16. South Jordan admits only that Belt Line and South Jordan communicated during the project. South Jordan denies the remaining allegations of paragraph 16 of the Complaint as phrased.

*Demand for Payment*

17. South Norfolk admits only that the Belt Line requested payment regarding the alleged damages as a result of the bridge collapse. The remaining allegations in paragraph 17 of the Complaint are denied as phrased.

18. South Norfolk lacks sufficient information or knowledge to admit or deny the allegations in paragraph 18 of the Complaint. To the extent that a response is required, South Norfolk denies the allegations in paragraph 18.

19. South Norfolk denies the allegations in paragraph 19 of the Complaint as phrased. South Norfolk admits only that it has not made a payment to the Belt Line for the alleged damages.

20. South Norfolk lacks sufficient information or knowledge to admit or deny the allegations in paragraph 20 of the Complaint. Further, the allegations in paragraph 20 call for a legal conclusion to which no response is required. To the extent that a response is required, South Norfolk denies the allegations in paragraph 20.

## COUNT I
## Breach of Contract

21. South Norfolk incorporates its Answers set forth above in response to paragraphs 1 to 20 of the Complaint.

22. The allegations in paragraph 22 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, South Norfolk denies the allegations in paragraph 22.

23. The allegations in paragraph 23 refer to and characterize provisions contained in the Corrected Deed of Easement, which is appended to the Complaint. South Norfolk refers the Court to the applicable provisions in that document for its documents. The allegations in paragraph 23 also characterize the Belt Line's litigation position and call for legal conclusions, and therefore, no response is required. To the extent that a response is required, South Norfolk denies the allegations in paragraph 23.

24. The allegations in paragraph 24 of the Complaint contain a legal conclusion to which no response is required. To the extent that a response is required, South Norfolk denies the allegations in paragraph 24.

25. South Norfolk lacks sufficient information or knowledge to admit or deny the allegations in paragraph 25 of the Complaint. Further, the allegations in paragraph 25 call for a legal conclusion to which no response is required. To the extent that a response is required, South Norfolk denies the allegations in paragraph 25.

### COUNT II
### Violation of Virginia Code § 56-5

26. South Norfolk incorporates its Answers set forth above in response to paragraphs 1 to 25 of the Complaint.

27. The allegations in paragraph 27 of the Complaint characterize a Virginia statute. South Norfolk refers the Court to that statute. To the extent that the allegations in paragraph 27 are inconsistent with the referenced statute, South Norfolk denies the allegations in paragraph 27.

28. South Norfolk lacks sufficient information or knowledge to admit or deny the allegations in paragraph 28 of the Complaint. To the extent that a response is required, South Norfolk denies the allegations in paragraph 28

29. The allegations in paragraph 29 of the Complaint call for a legal conclusion. To the extent that a response is required, South Norfolk denies the allegations in paragraph 29.

30. The allegations in paragraph 30 of the Complaint purportedly refer to and contain statements from two Supreme Court of Virginia cases. South Norfolk refers the Court to the two opinions. To the extent that the allegations in paragraph 30 are inconsistent with the statements in those opinions or those statements of law are not considered "recognized," "good," "applicable," or binding law, South Norfolk denies the allegations in paragraph 30.

31. The allegations in paragraph 31 consist of legal conclusions to which no response is required. To the extent that a response is required, South Norfolk denies the allegations in paragraph 31.

32. The allegations in paragraph 32 consist of legal conclusions to which no response is required. To the extent that a response is required, South Norfolk denies the allegations in paragraph 32.

## Prayer for Relief

WHEREFORE, denies that the Belt Line is entitled to any relief. South Norfolk respectfully requests that the Complaint be dismissed with prejudice or that judgment be entered in its favor along with other relief, including attorneys' fees and costs, as this Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a clam upon which relief may be granted.

### SECOND DEFENSE

The Plaintiff's claims may be barred under the doctrine of assumption of risk, by its own negligence under the doctrine of contributory negligence or by its own conduct, depending upon the fact developed during discovery.

### THIRD DEFENSE

The alleged damages, if any, are due to the acts or omissions of other individuals or entities for whom this Defendant cannot be held legally responsible.

### FOURTH DEFENSE

Any alleged acts or omissions of this Defendant were not the proximate cause of harm to the Plaintiff.

### FIFTH DEFENSE

The Plaintiff may have failed to mitigate its damages, if any.

**SIXTH DEFENSE**

The Plaintiff's claims may be barred under the doctrine of unclean hands, or the equivalent or similar, depending upon the facts developed during discovery.

**SEVENTH DEFENSE**

The Plaintiff's claims may be barred by the doctrine of waiver and/or estoppel, depending upon the facts developed during discovery.

**EIGHTH DEFENSE**

Another entity is responsible for responding to the Plaintiff's allegations and claims and/or paying the Plaintiff's damages, if any, pursuant to contracts governing the project described in the Complaint and/or insurance policies issued to the other entities.

**NINTH DEFENSE**

The Plaintiff cannot maintain its claim for violation of Virginia Code § 56-55, and is not entitled to treble damages because this Defendant did not act willfully or grossly negligent, nor can the Plaintiff establish that this Defendant committed a trespass.

**TENTH DEFENSE**

To the extent not covered by the preceding paragraphs and defenses, all allegations of the Plaintiff are denied and strict proof thereof is demanded.

**ELEVENTH DEFENSE**

This Defendant will rely on all defenses legally available to it, including but not limited to, those listed above.

**TWELFTH DEFENSE**

Defendant South Norfolk expressly denies all allegations in the Complaint not specifically admitted herein. Additional facts may become known during the course of discovery

and investigation that will support those affirmative defenses listed above and additional defenses currently unknown to this Defendant. To preserve all such defenses, this Defendant incorporates all affirmative defenses permitted under federal law. Furthermore, this Defendant reserves the right to amend or supplement this Answer at any time up to, and including, trial.

WHEREFORE, South Norfolk expressly denies that the Plaintiff is entitled to judgment or any relief. South Norfolk respectfully requests that the Complaint be dismissed with prejudice or that judgment be entered in its favor along with other relief, including attorneys' fees and costs, as this Court deems proper.

    Respectfully submitted,

    SOUTH NORFOLK JORDAN BRIDGE, LLC,
    f/k/a FIGG BRIDGE DEVELOPERS, LLC
    By Counsel

    CARR MALONEY P.C.

    /s/ *Matthew D. Berkowitz*
    Mariana D. Bravo, VSB No. 45212
    Matthew D. Berkowitz, VSB No. 72728
    2000 L Street, NW
    Suite 450
    Washington, D.C. 20036
    (202) 310-5500 (tel)
    (202) 310-5555 (fax)
    mdb@carrmaloney.com
    mb@carrmaloney.com
    *Counsel for South Norfolk Jordan Bridge*

## **CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the foregoing ***Defendant South Norfolk Jordan Bridge, LLC f/k/a Figg Bridge Developers, LLC's Answer to Complaint*** was filed and served via the ECF e-filing/notification system on this 11th day of June, 2013, to the following:

> James L. Chapman, IV, VSB No. 21983
> W. Ryan Snow, VSB No. 47423
> Amy Taipalus McClure, VSB No. 77937
> CRENSHAW, WARE & MARTIN, P.L.C.
> 150 W. Main Street, Suite 1500
> Norfolk, Virginia 23510
> *Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

> */s/ Matthew D. Berkowitz*
> Matthew D. Berkowitz, VSB No. 72728