IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NORFOLK AND PORTSMOUTH BELT
LINE RAILROAD COMPANY,

  Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Civil Action No.: 2:13cv234

SOUTH NORFOLK JORDAN BRIDGE,
LLC, F/K/A FIGG BRIDGE DEVELOPERS,
LLC,

  Defendant and Third-Party Plaintiff.

## THIRD-PARTY DEFENDANT FIGG BRIDGE BUILDERS, LLC'S ANSWER TO THIRD-PARTY COMPLAINT

Third-Party Defendant Figg Bridge Builders, LLC ("FBB"), by counsel, states as follows for its Answer to the Third-Party Complaint filed against it by South Norfolk Jordan Bridge, LLC ("SNJB"):

### JURISDICTION AND VENUE

1. FBB admits the allegations contained in paragraph 1 of SNJB's Third-Party Complaint.

2. FBB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of SNJB's Third-Party Complaint; therefore, it denies those allegations and calls for strict proof thereof.

### PARTIES

3. FBB admits the allegations contained in paragraph 3 of SNJB's Third-Party Complaint.

4. FBB admits the allegations contained in paragraph 4 of SNJB's Third-Party Complaint.

5. FBB admits the allegations contained in paragraph 5 of SNJB's Third-Party Complaint.

## FACTUAL BACKGROUND

**A. The Agreements**

6. In response to paragraph 6 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

7. In response to paragraph 7 of SNJB's Third-Party Complaint, FBB admits that the referenced documents speak for themselves. FBB denies any characterization of the referenced documents.

8. In response to paragraph 8 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

9. In response to paragraph 9 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

10. In response to paragraph 10 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

11. In response to paragraph 11 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

12. In response to paragraph 12 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

13. In response to paragraph 13 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

14. In response to paragraph 14 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

15. In response to paragraph 15 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

16. In response to paragraph 16 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

**B.    The Bridge Collapse**

17. In response to paragraph 17 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

18. FBB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of SNJB's Third-Party Complaint; therefore, it denies those allegations and calls for strict proof thereof.

19. In response to paragraph 19 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

20. In response to paragraph 20 of SNJB's Third-Party Complaint, FBB admits that Lane is responsible for the accident. FBB denies all remaining allegations contained in paragraph 20 of SNJB's Third-Party Complaint.

21. In response to paragraph 21 of SNJB's Third-Party Complaint, FBB admits that Lane is responsible for the accident. FBB denies all remaining allegations contained in paragraph 21 of SNJB's Third-Party Complaint.

**C.    The Lawsuit**

22. In response to paragraph 22 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

23. In response to paragraph 23 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document.

24. In response to paragraph 24 of SNJB's Third-Party Complaint, FBB admits that Lane is responsible for the accident. FBB denies all remaining allegations contained in paragraph 24 of SNJB's Third-Party Complaint and specifically denies that it is responsible and/or liable to SNJB or any other party for the bridge collapse.

25. In response to paragraph 25 of SNJB's Third-Party Complaint, FBB admits that Lane is responsible for the accident. FBB denies all remaining allegations contained in paragraph 25 of SNJB's Third-Party Complaint and specifically denies that it is responsible and/or liable to SNJB or any other party for the bridge collapse.

### COUNT I: CONTRACTUAL INDEMNIFICATION (FBB)

26. In response to paragraph 26 of SNJB's Third-Party Complaint, FBB adopts and incorporates by reference its responses to the allegations set forth in paragraphs 1-25 as if fully set forth herein.

27. FBB denies the allegations contained in paragraph 27 of SNJB's Third-Party Complaint.

28. In response to paragraph 28 of SNJB's Third-Party Complaint, FBB admits that the referenced document speaks for itself. FBB denies any characterization of the referenced document and specifically denies that it is obligated to indemnify or defend SNJB under the facts and circumstances of this case.

29. In response to paragraph 29 of SNJB's Third-Party Complaint, FBB denies that any act or omission on its part led to the collapse of the bridge section. FBB avers that Lane is responsible for the bridge collapse. FBB avers that the contract between it and SNJB is a document that speaks for itself, and FBB denies any characterization of that document. FBB denies all remaining allegations contained in paragraph 29 of SNJB's Third-Party Complaint.

### COUNT II: CONTRACTUAL INDEMNIFICATION (LANE)

30. In response to paragraph 30 of SNJB's Third-Party Complaint, FBB adopts and incorporates by reference its responses to the allegations set forth in paragraphs 1-29 as if fully set forth herein.

31. In response to paragraph 31 of SNJB's Third-Party Complaint, FBB admits that Lane is responsible for the accident. FBB denies all remaining allegations contained in paragraph 31 of SNJB's Third-Party Complaint.

32. In response to paragraph 32 of SNJB's Third-Party Complaint, FBB avers that the referenced document speaks for itself. FBB admits that Lane is responsible for the accident.

33. In response to paragraph 33 of SNJB's Third-Party Complaint, FBB admits that Lane is responsible for the accident.

## COUNT III: EQUITABLE/IMPLIED INDEMNIFICATION (FBB)

34. In response to paragraph 34 of SNJB's Third-Party Complaint, FBB adopts and incorporates by reference its responses to the allegations set forth in paragraphs 1-33 as if fully set forth herein.

35. FBB avers that paragraph 35 of SNJB's Third-Party Complaint states a legal conclusion requiring no response. To the extent a response is required, FBB denies the allegations contained in paragraph 35 of SNJB's Third-Party Complaint and calls for strict proof thereof.

36. In response to paragraph 36 of SNJB's Third-Party Complaint, FBB denies that any act or omission on its part led to the collapse of the bridge section. FBB avers that Lane is responsible for the bridge collapse. FBB avers that the contract between it and SNJB is a document that speaks for itself, and FBB denies any characterization of that document. FBB denies all remaining allegations contained in paragraph 29 of SNJB's Third-Party Complaint.

37. FBB denies the allegations contained in paragraph 37 of SNJB's Third-Party Complaint.

38. In response to paragraph 38 of SNJB's Third-Party Complaint, FBB admits that SNJB has denied liability to the Belt Line. FBB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of SNJB's Third-Party Complaint; therefore, it denies those allegations and calls for strict proof thereof.

39. FBB denies the allegations contained in paragraph 39 of SNJB's Third-Party Complaint.

### COUNT IV: EQUITABLE/IMPLIED INDEMNIFICATION (LANE)

40. In response to paragraph 40 of SNJB's Third-Party Complaint, FBB adopts and incorporates by reference its responses to the allegations set forth in paragraphs 1-39 as if fully set forth herein.

41. FBB avers that paragraph 41 of SNJB's Third-Party Complaint states a legal conclusion requiring no response. To the extent a response is required, FBB denies the allegations contained in paragraph 41 of SNJB's Third-Party Complaint and calls for strict proof thereof.

42. In response to paragraph 42 of SNJB's Third-Party Complaint, FBB admits that Lane is responsible for the accident.

43. In response to paragraph 43 of SNJB's Third-Party Complaint, FBB admits that Lane is responsible for the accident.

44. In response to paragraph 44 of SNJB's Third-Party Complaint, FBB admits that SNJB has denied liability to the Belt Line. FBB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of SNJB's Third-Party Complaint; therefore, it denies those allegations and calls for strict proof thereof.

45. In response to paragraph 45 of SNJB's Third-Party Complaint, FBB admits that Lane is responsible for the accident.

**COUNT V: STATUTORY AND/OR EQUITABLE CONTRIBUTION (FBB)**

46. In response to paragraph 46 of SNJB's Third-Party Complaint, FBB adopts and incorporates by reference its responses to the allegations set forth in paragraphs 1-45 as if fully set forth herein.

47. FBB denies the allegations contained in paragraph 47 of SNJB's Third-Party Complaint.

48. FBB denies the allegations contained in paragraph 48 of SNJB's Third-Party Complaint.

49. In response to paragraph 49 of SNJB's Third-Party Complaint, FBB admits that SNJB has denied liability to the Belt Line. FBB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of SNJB's Third-Party Complaint; therefore, it denies those allegations and calls for strict proof thereof.

50. FBB denies the allegations contained in paragraph 50 of SNJB's Third-Party Complaint.

**COUNT VI: STATUTORY AND/OR EQUITABLE CONTRIBUTION (LANE)**

51. In response to paragraph 51 of SNJB's Third-Party Complaint, FBB adopts and incorporates by reference its responses to the allegations set forth in paragraphs 1-50 as if fully set forth herein.

52. In response to paragraph 52 of SNJB's Third-Party Complaint, FBB admits that Lane is responsible for the accident.

53. In response to paragraph 53 of SNJB's Third-Party Complaint, FBB admits that Lane is responsible for the accident.

54. In response to paragraph 54 of SNJB's Third-Party Complaint, FBB admits that SNJB has denied liability to the Belt Line. FBB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of SNJB's Third-Party Complaint; therefore, it denies those allegations and calls for strict proof thereof.

55. In response to paragraph 55 of SNJB's Third-Party Complaint, FBB admits that Lane is responsible for the accident.

## FIRST DEFENSE

56. FBB denies all allegations contained in the unnumbered paragraphs of SNJB's Third-Party Complaint and denies all allegations not specifically admitted herein.

## SECOND DEFENSE

57. FBB denies that it breached any contractual duties that proximately caused damage to SNJB and/or Belt Line.

## THIRD DEFENSE

58. FBB denies that it committed any act of negligence that proximately caused damage to SNJB and/or Belt Line.

## FOURTH DEFENSE

59. FBB denies that it is liable to SNJB in any amount, for any cause whatsoever.

## FIFTH DEFENSE

60. FBB avers that SNJB's alleged damages and Belt Line's alleged damages are the result of another or others over whom FBB had no control and for whom FBB is not responsible at law.

**SIXTH DEFENSE**

61. FBB will rely upon any and all proper and provable defenses that may be revealed through investigation, discovery or the presentation of evidence.

For the reasons set forth herein, Figg Bridge Builders, LLC, by counsel, respectfully requests that this action be dismissed and that it be awarded its costs and expenses incurred in defending this litigation.

**FIGG BRIDGE BUILDERS, LLC**

By Counsel

/s/ Julie S. Palmer
Michael E. Harman
VSB No. 16813
Julie S. Palmer
VSB No. 65800
Attorneys for Figg Bridge Builders, LLC
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
mharman@hccw.com
jpalmer@hccw.com

Phil B. Abernethy, Esq.
Attorney for Figg Bridge Builders, LLC
Butler, Snow, O'Mara, Stevens and Cannada, PLLC
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157
(601) 985-4536
(601) 985-4500 - facsimile
Phil.Abernethy@butlersnow.com

## **C E R T I F I C A T E**

      I hereby certify that on the 28th day of June, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    James L. Chapman, IV
    W. Ryan Snow
    Amy Taipalus McClure
    Crenshaw, Ware & Martin, P.L.C.
    150 W. Main Street, Suite 1500
    Norfolk, Virginia 23510

    Mariana D. Bravo
    Matthew D. Berkowitz
    Carr Maloney PC
    2000 L Street, NW
    Suite 450
    Washington, D.C. 20036

    /s/ Julie S. Palmer
    Michael E. Harman
    VSB No. 16813
    Julie S. Palmer
    VSB No. 65800
    Attorneys for Figg Bridge Builders, LLC
    Harman, Claytor, Corrigan & Wellman
    P.O. Box 70280
    Richmond, Virginia 23255
    (804) 747-5200
    (804) 747-6085 – facsimile
    mharman@hccw.com
    jpalmer@hccw.com